IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS PENSION TRUST FUND and WILL COUNTY LOCAL 174 WELFARE FUND, <br><br> Plaintiffs, <br><br> v. <br><br> GILLIAM BUILDERS, INC., an Illinois Corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) No. 19 cv 1315 <br> ) <br> ) Judge <br> ) <br> ) Magistrate Judge <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS PENSION TRUST FUND and WILL COUNTY LOCAL 174 CARPENTERS WELFARE FUND, by their attorneys, DONALD D. SCHWARTZ, ANDREW S. PIGOTT, PAUL M. EGAN, and ARNOLD AND KADJAN, LLP complain against Defendant, **GILLIAM BUILDERS, INC.**, an Illinois corporation, as follows:

1. Jurisdiction of this cause falls under Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue lies in this District under 29 U.S.C. Section 1132(e)(2) as the Funds described in Paragraph 3 are administered therein.

3. (a) The Plaintiffs in this count are TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS PENSION TRUST FUND and WILL COUNTY LOCAL 174 CARPENTERS WELFARE FUND ("the Funds"), who have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

  (b) The Funds were established pursuant to Collective Bargaining Agreements previously between the Chicago and Northeast Illinois District Council of Carpenters and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the Collective Bargaining Agreement with the Union.

  (c) The Funds exist and operate in accordance with and pursuant to provisions of the National Labor Relations Act, the Employee Retirement Income Security Act, and other applicable state and federal laws, and also pursuant to the terms and provisions of the agreements and Declarations of Trust establishing the Funds.

  4. (a) Defendant, **GILLIAM BUILDERS, INC. ("GILLIAM"),** is incorporated under the laws of Illinois, and does business within the Northern District of Illinois, including the work underlying the contributions Plaintiffs claim in this action.

  (b) **GILLIAM** is an employer engaged in an industry affecting commerce.

  5. Since January 1, 2016, or before, **GILLIAM** entered into successive Collective Bargaining Agreements with the Union.

  6. Alternatively, since January 1, 2016, or before, **GILLIAM** bound itself to successive Collective Bargaining Agreements with the Union by its course of conduct, including:

  (a) Withholding of Union dues on behalf of its bargaining unit employees;

  (b) Reporting and paying fringe benefit contributions on behalf of its bargaining unit members.

  7. The Collective Bargaining Agreements required **GILLIAM** to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees.

  8. Certain provisions in the Collective Bargaining Agreements bound **GILLIAM** to the Trust Agreement establishing the Funds.

9. The Trust Agreements also require **GILLIAM** to make contributions to the Funds on behalf of certain of its employees.

9. The Collective Bargaining Agreements and Trust Agreements require **GILLIAM** to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

10. In or around January 2019, **GILLIAM** submitted its books and records to Plaintiffs' auditor.

11. Plaintiffs' auditor determined **GILLIAM** owed the following amounts to the Funds: $1,664.57 in contributions; $166.45 in liquidated damages; and $2,455.57 in late payment assessments on tardy reports; and $892.50 in audit costs.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. Judgment be entered in favor of Plaintiffs and against **GILLIAM** in the amount of $5,178.99.

B. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreement and ERISA Section 502(g)(2).

C. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Donald D. Schwartz
Paul M. Egan
Andrew S. Pigott
**ARNOLD AND KADJAN, LLP**
35 E. Wacker Dr., Suite 600
Chicago, Illinois 60601
(312) 236-0415

Respectfully submitted,
**TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS, et al.**

By: s/Andrew S. Pigott
      One of their Attorneys

3